UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
FLOYD MCGARRELL,                                  :

                                                             :      <u>REPORT AND</u>
                  Plaintiff,                 <u>RECOMMENDATION</u>
                                                           :
   -v.-                                                           18 Civ. 1301 (AT) (GWG)
                                                          :
CITY OF NEW YORK, et al.,                     :

                Defendants.              :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

<u>Pro se</u> plaintiff Floyd McGarrell brought this action pursuant to 42 U.S.C. § 1983, alleging the defendants caused him to suffer physical distress, loss of property, emotional distress, and excessive pain while incarcerated. <u>See</u> Complaint, filed Feb. 13, 2018 (Docket # 2). An initial pretrial conference was held before the undersigned on May 21, 2019.

On October 17, 2019, defendants moved to compel McGarrell to respond to certain discovery requests (Docket # 51). On October 18, 2019, the Court ordered McGarrell to respond by November 8, 2019, warning that "if he fails to do so, his case may be dismissed" (Docket # 52). McGarrell failed to respond and defendants again moved to compel production (Docket # 53). By Order dated November 20, 2019, the Court again directed McGarrell to respond and contact defendants' counsel by December 13, 2019, and stated that if he failed to comply "his case may be dismissed for violating court orders or for failure to prosecute" (Docket # 54) (emphasis omitted). McGarrell failed to comply with this order as well (Docket # 55).

On March 2, 2020, defendants moved to dismiss this case for lack of prosecution (Docket # 58). The motion was then referred to the undersigned for a Report and Recommendation (Docket # 61). By Order dated March 3, 2020, McGarrell was directed to file his opposition to the motion to dismiss by April 3, 2020, and he was "warned that if he fails to comply with this order, his case may be dismissed" (Docket # 63). McGarrell did not respond, but by Order dated April 29, 2020, the Court extended the deadline for him to file an opposition to May 22, 2020 (Docket # 64). Again, he was "warned that if he fails to comply with this order, his case may be dismissed" (Docket # 64).

McGarrell never filed a response, requested an extension of time to respond, or contacted the Court in any other way.

Fed. R. Civ. P. 41(b) provides in relevant part:

>If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

A decision to dismiss an action for failure to prosecute "may be made sua sponte." Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (citing Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)). Although dismissal is "'a harsh remedy to be utilized only in extreme situations,'" Hoefer v. Bd. of Educ. of the Enlarged City Sch. Dist. of Middletown, 820 F.3d 58, 64 (2d Cir. 2016) (quoting Jackson v. City of N.Y., 22 F.3d 71, 75 (2d Cir.1994)), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts," Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). The "court should not have to beg the parties before it to litigate the cases they initiate." McLean v. City of N.Y., 2007 WL 415138, at *4 (S.D.N.Y. Feb. 6, 2007). A district court has the authority "under Fed. R. Civ. P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962), and Harding v. Fed. Reserve Bank of N.Y., 707 F.2d 46, 50 (2d Cir. 1983)); see also Caussade v. United States, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) ("Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court.") (citing Link, 370 U.S. at 633). And "while pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including [those proceeding pro se], have an obligation to comply with court orders." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988). "[D]ismissal of a pro se litigant's action as a sanction may . . . be appropriate 'so long as a warning has been given that noncompliance can result in dismissal.'" Koehl v. Bernstein, 740 F.3d 860, 862 (2d Cir. 2014) (per curiam) (quoting Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994) (per curiam)).

A district court considering a dismissal pursuant to Rule 41(b) must weigh five factors:

>(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (internal quotation marks omitted) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). No single factor is dispositive. Id. (citation omitted).

These factors strongly counsel in favor of dismissal. McGarrell has taken no action since he appeared at the Court's conference on May 21, 2019, and has not filed anything on the docket since his change of address form which was received on July 17, 2018 (Docket # 28).

He disobeyed two orders of the Court requiring him to respond to the defendants' document requests.   The Court warned McGarrell that failure to comply with the October 18 and November 20, 2019, Orders could result in dismissal; specifically instructed McGarrell to respond to the March 4 and April 29, 2020, Orders to oppose defendants' motion to dismiss and explain why the case should not be dismissed; and warned McGarrell that failure to comply with any of these Orders could result in dismissal.   McGarrell has now failed to comply with four orders of the Court.   McGarrell has twice filed change of address forms (Docket ## 10, 28), demonstrating he understands the importance of updating his address with the Court.   The defendants are likely to be prejudiced by McGarrell's delay as witnesses' memories fade.   The Court has a strong interest in managing its docket and cannot indefinitely wait for McGarrell to turn his attention back to this case.   Furthermore, his "failure to comply with the court's order or make an attempt to prosecute this case dismisses his right to have the court hear his claim." George v. Cousins Printing LLC, 2008 WL 4093057, at *2 (S.D.N.Y. Sept. 2, 2008) (citing Feurtado v. City of N.Y., 225 F.R.D. 474, 480 (S.D.N.Y.2004)).   Finally, in light of McGarrell's persistence in not complying with Court orders, the Court does not believe that any lesser sanction will succeed in altering his behavior and moving this case to a conclusion.   All indications are that McGarrell would ignore any order imposing a lesser sanction as well.   Accordingly, dismissal of this case is appropriate.   See Ruzsa v. Rubenstein & Sendy Attys at Law, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam) ("[I]n light of [plaintiff's] failure to respond to the notice threatening dismissal, it is . . . unclear that a lesser sanction would have proved effective in this case.") (internal quotation marks omitted); cf. Rubin v. Abbott Labs., 319 F.R.D. 118, 122 (S.D.N.Y. 2016) ("dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted, because the plaintiff would be unaware of any lesser sanction") (collecting cases).

      For the foregoing reasons, this action should be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.   The Clerk is requested to mail a copy of this Report and Recommendation to Floyd McGarrell at the address below.

**PROCEDURE FOR FILING OBJECTIONS TO THIS**
**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to Judge Torres. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

McGarrell may file his response by email by sending it in pdf form to Temporary_Pro_Se_Filing@nysd.uscourts.gov. In the alternative, the response may be mailed to Pro Se Docketing, 500 Pearl Street, New York, NY 10007.

Dated: New York, New York
       June 15, 2020

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Mail to:

Floyd McGarrell
713 St. Nicholas Ave., Apt. #9
New York, New York, 10031